637 N.W.2d 505 (2002)
ESTATE OF Theresa Marie Moore BRAFORD, by Thomas BRAFORD, Personal Representative of the Estate of Theresa Marie Moore Braford, Deceased, Plaintiff-Appellant,
v.
O'CONNOR CHIROPRACTIC CLINIC, P.C. and John R. O'Connor, D.C., Defendants-Appellees.
Docket No. 118704, COA No. 215848.
Supreme Court of Michigan.
January 15, 2002.
On order of the Court, the application for leave to appeal from the December 12, 2000 decision of the Court of Appeals is considered and, pursuant to MCR 7.302(F)(1), we affirm on other grounds the grant of summary disposition to defendant.
The rationale of the Court of Appeals opinion is arguably inconsonant with this Court's opinion in Janssen v. Mulder, 232 Mich. 183, 205 N.W. 159 (1925), and is vacated to the extent it may be inconsistent with this order. A chiropractor has no duty and is precluded from engaging in differential medical diagnosis. Attorney General v. Beno, 422 Mich. 293, 373 N.W.2d 544 (1985). However, a chiropractor is required to "use reasonable care and skill to ascertain whether the ailment" complained of is of a class for which chiropractic treatment is applicable. If not, a chiropractor has the duty to so advise a patient, in order that the patient might *506 "secure the services of one familiar with such ailments." Janssen, supra at 192-193, 205 N.W. 159.
However, we affirm the result because summary disposition was properly granted pursuant to MCR 2.116(C)(10). Review of the record reveals that plaintiff's expert conceded that the decedent's symptoms were consistent with a chiropractic condition. Therefore, defendant had no obligation to advise plaintiff to secure the services of a medical doctor. Because plaintiff has failed to submit evidence sufficient to raise a genuine issue of material fact, summary disposition is appropriate.
MARILYN J. KELLY, J., would grant leave to appeal.